UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:03CV00730 AGF |
| | ) |
| MICHAEL BOWERSOX, | ) |
| | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Missouri state prisoner James Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent argues that the petition is time-barred by the one-year statute of limitations of 28 U.S.C. § 2254(d)(1). For the reasons set forth below, this Court concludes that Petitioner's action is untimely.

## BACKGROUND

Petitioner was convicted by a jury of one count of first-degree murder, one count of first-degree assault, and two counts of armed criminal action. He was sentenced to a total term of imprisonment of life without probation or parole plus 30 years. The Missouri Court of Appeals affirmed Petitioner's convictions on June 29, 2001, and issued its mandate on August 7, 2001. Under Missouri Supreme Court Rule 29.15, Petitioner

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

had 90 days thereafter, or until Monday, November 5, 2001, to file a motion for post-conviction relief. Such a motion was file-stamped by the state trial court on November 7, 2001; Petitioner's signature on the motion was notarized on Wednesday, October 31, 2001. On November 14, 2001, counsel was appointed to represent Petitioner on the post-conviction action. Resp. Ex. G.

On May 15, 2002, the state trial court denied the motion on the ground that it was filed two days past the 90-day deadline for filing a Rule 29.15 motion. Rather than filing an appeal, Petitioner filed a motion on June 12, 2002, for the trial court to vacate or amend the May 15, 2002 order. He labeled his motion as one under Rule 75.01. This rule provides that a trial court retains jurisdiction over judgments in civil cases for 30 days and may vacate or amend a judgment within that time. Mo. Sup. Ct. Rule 75.01. Petitioner asserted that he had placed his post-conviction motion in the prison mail on the same day that it was notarized, and that under the prison mailbox rule, the post-conviction motion should be deemed timely. Petitioner's motion to vacate was denied on July 10, 2002, on the ground that the court had no jurisdiction to hear it, as "Rule 29.15 provides for the exclusive post conviction remedy in the state of Missouri." Resp. Ex. G. On July 17, 2002, Petitioner filed an appeal from the denial of his motion to vacate. Id. The record does not indicate the disposition of this appeal.

Petitioner attests by affidavit that he placed his federal habeas petition in the prison mail on May 13, 2003, which, under the federal prison mailbox rule, is deemed the

filing date of the petition.[2] See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc). Respondent argues that the one year statute of limitation, which began to run on September 27, 2001 (90 days after Petitioner's convictions were affirmed on direct appeal), was not tolled by the filing of the untimely post-conviction motion. Petitioner has not responded to Respondent's argument that the petition should be dismissed as time-barred.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking federal habeas relief to file his petition within one year after his state conviction becomes final. 28 U.S.C. § 2244 (d)(1)(A). A conviction becomes final for these purposes at "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition [for a writ of certiorari]." Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003) (citation omitted). Under United States Supreme Court Rule 13, a defendant has 90 days from the date of entry of judgment (and not from the date the mandate was issued), in a state court of last resort to file a petition for a writ of certiorari. Thus, as Respondent asserts, the statute of limitations for filing a federal habeas claim in the present case began to run on September 27, 2001 (90 days after Petitioner's convictions were affirmed on direct appeal on June 29, 2001).

---

[2] The petition bears a postmark of May 16, 2003, and was received by the Court on May 19, 2003.

The AEDPA contains the following tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application for state postconviction relief is pending, and the federal statute of limitations is therefore tolled, "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002). Even if the limitations period is not statutorily tolled under § 2244(d)(2), it may be equitably tolled if a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In Artuz v. Bennett, 531 U.S. 4 (2000), the Supreme Court explained a "properly filed" post-conviction motion is one that complies with "the applicable rules and laws governing filings," including "time limits on its delivery," the requisite filing fee, the form of document, and the appropriate court and office in which it must be lodged. Id. at 8. Thereafter, in Pace, the Supreme Court more specifically held that a state post-conviction motion which was rejected by the state court as untimely under the state statute of limitations was not "properly filed," within the meaning of the AEDPA's statutory tolling provision. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

Based upon this holding in Pace, the Eighth Circuit Court of Appeals held in

Walker v. Norris, 436 F.3d 1026 (8th Cir. 2006), that a state post-conviction petition that was dismissed by the state court as untimely on the basis of the petitioner's failure to satisfy the requirement that a petition be verified within the 60-day filing period was not "properly filed" so as to toll AEDPA's one-year statute of limitations. Id. at 1030-31; see also Lewis v. Norris, 454 F.3d 778, 780, (8th Cir. 2006) (same, even where state court addressed untimely motion on the merits).

Although the above-cited cases did not involve an issue under the prison mailbox rule, this Court believes that they direct a holding here that Petitioner's post-conviction motion, which was dismissed as untimely by the state court, did not toll the AEDPA's statute of limitations. At least one district court in the Eighth Circuit has dismissed a federal habeas petition as barred by the one-year statute of limitations in circumstances remarkably similar to those in the present case. See Singleton v. Norris, No. 04-CV-1095, 2005 WL 3783407, at *2 (W.D. Ark. Nov. 14, 2005).

The Court further concludes that equitable tolling is not warranted in the circumstances of this case. To apply equitable tolling would undercut Missouri law which does not recognize the prison mail box rule for post-conviction motions, and would thus, make a sham of the "properly filed" requirement. Furthermore, the Court believes that the Eighth Circuit's decision denying equitable tolling in Walker strongly suggests that such tolling must be denied here, too. The Court of Appeals held in Walker that equitable tolling was not applicable where the petitioner waited until the weekend before the deadline for verifying his post-conviction motion to try to get it verified on time, and

5

thus did not "pursue his rights diligently." Walker, 436 F.3d at 1032-33. Based upon this precedent, the Court does not believe that it can be said here that Petitioner pursued his rights diligently, as he, too, waited for the last few days in which to assure that his post-conviction motion would be filed on time.

## CONCLUSION

Petitioner's habeas action was not filed within the statute of limitations and equitable tolling of the limitations period is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of James Williams for habeas corpus relief is **DENIED** as time-barred.

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2006.