UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV00730 AGF |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

Before the Court is Petitioner's letter to the Court dated June 10, 2008, which is construed as a motion for relief from judgment under Federal Rules of Civil Procedure Rule 60(b). For the reasons set forth below, Petitioner's motion shall be denied.

A review of the docket sheet indicates that when Petitioner filed his petition in this Court for habeas relief he was incarcerated at South Central Correctional Center ("SCCC") in Licking, Missouri. On June 25, 2003, Petitioner notified the Court of his change of address to Potosi Correctional Center ("PCC") in Mineral Springs, Missouri. (Doc. #7.) The Certificate of Service attached to Respondent's response shows that, notwithstanding Petitioner's change of address, a copy of the response was mailed on July 10, 2003, to Petitioner at SCCC. (Doc. #8.)

Thereafter, on September 26, 2006, the Court issued a Memorandum and Order and a Judgment denying Petitioner's petition for habeas relief as time barred. The Court held that because Petitioner filed his state court motion for post-conviction relief two days late, on November 7, 2001, it was not properly filed and therefore did not trigger the

tolling provision of the one-year statute of limitations for federal habeas actions. Thus, the Court held, Petitioner's petition for habeas relief was untimely when filed in this Court on May 13, 2003. (Doc. #11, Doc. #12.) The Court erroneously mailed copies of these case-dispositive documents to Petitioner at SCCC, which were returned to the Court on October 10, 2006. (Doc. #13, Doc. #14.) On October 12, 2006, the Court re-mailed the Memorandum and Order and Judgment to Petitioner at PCC. This mailing was returned as undeliverable 11 days later on October 23, 2006. (Doc. #15.) The October 23, 2006 docket entry indicates that the PCC address was obtained from the Missouri Bureau of Prisons as Petitioner's most current address and that no new address was available.

Following the return of the Court's second mailing, the docket in this case was quiet for approximately 18 months, until May 9, 2008, when the Court received a letter from Petitioner requesting a copy of the docket sheet. In this letter, Petitioner listed his address as Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. (Doc. #16.) The Court provided Petitioner with a copy of the docket sheet, and on June 16, 2008, received the present letter/motion. Petitioner complains in his letter/motion that the mix-up with his address resulted in his petition being dismissed without him having the opportunity to contest Respondent's arguments. Petitioner also asserts in his letter/motion that there is a "conflict" regarding Respondent's argument that the habeas petition was time-barred. Petitioner asserts that his state court post-conviction motion was not untimely, and provides a Certified Mail Receipt, stamped November 2, 2001, as proof that his motion for post-conviction relief was timely. (Doc. #17.)

As Petitioner is aware, the Local Rules of this Court require a pro se party to "promptly notify the Clerk and all other parties to the proceedings of any change in his or her address." E.D.Mo. L.R. 2.06(B).[1] Had Petitioner provided the court with notice of his second change of address, he would have received the Memorandum and Order and Judgment within time to file a motion to reconsider under Federal Rule 59(e) or 60(b) on the ground that he had not received Respondent's response and therefore had never filed a traverse. Instead, Petitioner waited at least 18 months before notifying the court in any way of his second change of address. Petitioner has not provided any reason for this delay.

Rule 60(b) allows a party to request relief from judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Motions under Rule 60(b) "must be made within a reasonable time," and motions under Rule 60(b)(1) "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c). Petitioner's motion is properly construed as a 60(b)(1) motion. See, e.g., Agyeman v. Kern County Sheriff, 205 Fed. App'x 614, 615 (9th Cir. 2006); Brandon v. Marsh, 943 F.2d 48, 48 (4th Cir. 1991). In the best case scenario, Petitioner's failure to file a notice of change of address, as required, constituted inadvertence or excusable neglect. Even in that scenario, though, his Rule 60(b)(1) motion would be untimely, as it was filed 18 months after entry of the judgment from which Petitioner desires relief. Petitioner cannot rely on subsection (6) to get around this untimeliness, as

---

[1] Petitioner's initial notice of change of address explicitly cites this Local Rule. (Doc. #7.)

a movant may not avoid the one-year time limitation applicable to subsection (1) motions by couching a motion in terms of subsection (6). See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (stating that subsections (1) and (6) "are mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)"); Middleton v. McDonald, 388 F.3d 614, 616-17 (8th Cir. 2004) (explaining that "[s]ubsection (6) is not a permissible means by which to avoid the time limitation otherwise applicable").

Despite the foregoing, the Court has also examined the merits of Petitioner's claim for relief. Petitioner argues that the Certified Mail Receipt he provides with his letter/motion creates a "conflict" regarding Respondent's argument that Petitioner's habeas claims were time-barred. The Court, however, finds no such conflict. The Certified Mail Receipt shows only that the Petitioner mailed an item to the Circuit Court of St. Louis County, Missouri, on Friday, November 2, 2001. Even assuming that what he mailed was his motion for post-conviction relief, this does not undermine the State's proof that Petitioner's motion for post-conviction relief was filed on November 7, 2001. As explained in the Memorandum and Order of September 26, 2006, Missouri does not recognize the prison mailbox rule for post-conviction motions, and Petitioner's late filing under state law did not toll AEDPA's statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Petitioner James Williams for relief from judgment is **DENIED**. [Doc. #17]

The Clerk's Office is directed to change Petitioner's address to the return address found on his letter to the Court dated June 10, 2008, and to mail a copy of this Memorandum and Order to Petitioner at that address.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of August, 2008.